John Schikora, Plaintiff in Error, v. Joseph Platzky, Defendant in Error.

### Gen. No. 14,649.

1. APPEALS AND ERRORS—*upon what finding must be predicated.* It is the duty of the trial judge to decide a case on the evidence uninfluenced by his recollection of the testimony given by any witness on the trial of another cause.

2. APPEALS AND ERRORS—*what not considered in determining propriety of finding.* The appellate court will not look into the remarks of the trial judge set forth in the bill of exceptions to ascertain what led him to the conclusion that judgment should be given for the party in whose favor it was rendered.

3. APPEALS AND ERRORS—*what cannot be urged as error.* A party cannot complain of the act of the trial judge as error which act was brought about by some action of his own.

4. APPEALS AND ERRORS—*when finding of court not disturbed.* The finding of fact by a trial judge will not be set aside as against the evidence unless clearly and manifestly so.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 8, 1909.

JOHN W. JEDLAN, for plaintiff in error.

JOSEPH C. PISHA, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action of the fourth class brought by plaintiff in error against defendant in error in the Municipal Court there was a finding and judgment for the defendant, to reverse which judgment the plaintiff prosecutes this writ of error. The following is the "statement of claim" in the *praecipe*:

"Plaintiff's claim is for $500 with interest thereon from November 20, 1904. Said $500 being balance due on the $1,500 paid by the plaintiff when a minor on an oral contract with the defendant, which contract was disaffirmed by the plaintiff."

The first ground of reversal stated in the brief for plaintiff in error is that: "A court should not take notice, in deciding one case, of what may be contained in the record of another and distinct case, unless it is brought to the attention of the court by being made a part of the record of the case under consideration."

It appears from the bill of exceptions that the trial judge at the close of the evidence expressed the opinion that the testimony of plaintiff and his father conflicted with their testimony on the trial of another case tried before him, and expressed a wish that the stenographer's notes of their testimony at the trial of the other case be read to him; that plaintiff then had their testimony written up and delivered a copy to the trial judge.

That it was the duty of the trial judge to decide the case on the evidence in the case, uninfluenced by his recollection of the testimony given by any witness on the trial of another case, cannot be questioned. But we cannot look into the remarks of the trial judge, set forth in the bill of exceptions, to ascertain what led him to the conclusion that judgment should be given for the defendant.

It was the plaintiff who delivered to the trial judge the transcript of the testimony of plaintiff and his father given on the trial of another case, and he cannot claim that the act of the judge in accepting and

reading such transcript was an error in procedure; neither can the remarks of the trial judge, in a case tried without a jury, be held an error in procedure.

Plaintiff in error further contends that the judgment is against the evidence. In considering the question we must presume that the judgment was based on the evidence given on the trial of this case. Defendant was the owner of a building in which he had a meat market. About November 26, 1904, plaintiff, then eighteen years old, entered into a verbal agreement with defendant to purchase of him said building and the stock then on hand in said market. Sunday, November 27, plaintiff went to the market and the stock on hand was weighed and a sum of money paid by plaintiff to defendant. Monday plaintiff took possession of the market and carried on the same until Wednesday night, when he decided to disaffirm the purchase on the ground that he was a minor. He then turned over to the defendant the stock then on hand and the defendant paid to him $1125. As to the facts above stated, there is no controversy. Plaintiff in error contends that the prices agreed on were $7000 for the building and $300 for the stock; that he paid defendant $1800; $1500 on the price of the building and $300 for the stock; that Wednesday evening when he announced his intention to disaffirm, defendant said he would retain $500 out of the money paid on the price of the building; that the stock on hand was then weighed and its value found to be $125; that the defendant paid to him $1000 of the $1500 paid on the real estate and $125 for the stock on hand.

The defendant in error admits that the price agreed on for the building was $7000, and contends that the stock on hand was weighed and invoiced; that the value thereof according to the invoice was slightly in excess of $500; that the parties then agreed on the price of $500 for the stock, and the plaintiff paid defendant only $1500, $1000 on the purchase price of the building and $500 for the stock. The further contention

of defendant in error is that when plaintiff surrendered the possession of the market to the defendant Wednesday evening, November 30, the defendant took back certain stock at the agreed price of $125, and the plaintiff took away the remainder of the stock then on hand; that defendant then paid plaintiff $1125, $1000 in repayment of the amount plaintiff had paid him on the price of the building, and $125 for the stock which the plaintiff turned back to him.

The question presented for the decision of the trial judge was one of fact, not of law. The defendant had entered into an agreement with a minor, and when the minor elected to disaffirm, was bound to return to him the money received from him, less proper allowances for stock sold to the minor which the minor had disposed of, or then elected to retain, and this, according to his contention, was done.

The evidence was conflicting and we cannot say that the court might not, from the evidence, properly find the facts in accordance with the contention of the defendant in error, and therefore cannot reverse the judgment on the ground that it is against the preponderance of the evidence.

Errors are assigned on the rulings of the court on propositions of law submitted by the plaintiff, but none of such rulings are referred to either in the brief or argument of plaintiff in error, and therefore must be held waived.

Finding in the record no reversible error, the judgment of the Municipal Court will be affirmed.

*Affirmed.*